riod of service for twenty years is cotemporary with the contribution or deduction from the officer's salary during this period. To hold otherwise would permit of an officer participating in a pension fund to which he might not have contributed anything. In the instant case it would permit the petitioner to share in a pension fund towards which he had not made the statutory contribution from his salary for a period of nearly half of the time upon which he bases his claim. This is contrary to any reasonable construction of the statute.

Other points are made and discussed, but what we have just said is sufficient to justify the ruling of the trial court, and its order is affirmed.

*Affirmed.*

Henry M. Lauderdale and Harry H. Lauderdale, trading as Lauderdale & Son, Defendants in Error, v. William Downs, Plaintiff in Error.

Gen. No. 22,171.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 19, 1916.

## Statement of the Case.

Action by Henry M. Lauderdale and Harry H. Lauderdale, trading as Lauderdale & Son, plaintiffs, against William Downs, defendant, for commissions for the sale of real estate. To reverse a judgment for plaintiffs, defendant prosecutes a writ of error.

In June, 1915, defendant engaged the plaintiffs, who are licensed real estate brokers, to sell a piece of real estate belonging to him; the defendant agreed to sell

the property at a price of $5,250, and to pay the plaintiffs the Chicago Real Estate Board rate commissions, and the property was listed with plaintiffs upon these terms. The plaintiffs submitted the property to Paul B. Scholz, and at the same time informed defendant that Scholz was the buyer secured by them. Scholz made the brokers and also the defendant an offer on the property, and after defendant had raised his price several times the defendant and the buyer came to terms, and in August, 1915, the property was conveyed to Scholz.

HENRY L. WILSON, for plaintiff in error; F. P. READ, of counsel.

OLIVER B. OPSAHL, for defendants in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

BROKERS, § 48*—*when entitled to commissions upon furnishing purchaser.* A broker, who, in pursuance of an agreement with the owner of real estate to sell the property for him, furnishes a purchaser ready, willing and able to buy it and who through direct negotiations with the owner does buy it at a price higher than that named to the broker, is entitled to the commissions agreed upon.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.